**UNITED STATES of America**

v.

**Joseph EVANS, Defendant.**

**Crim.No. 88–503.**

United States District Court, E.D. Pennsylvania.

Oct. 22, 2003.

---

Robert E. Goldman, Esquire, U.S. Attorney's Office, Philadelphia, PA, for Plaintiffs.

Mark Wilson, Esquire, Federal Defenders, Philadelphia, PA, for Defendants.

### MEMORANDUM & ORDER

KATZ, Senior District Judge.

Now before the court is a Petition for Revocation of Conditional Release prepared by the Probation Office on September 30, 2003. Upon consideration of the Government's proposed findings of fact and conclusions of law, the Probation Office's Petition for Revocation, and after a hearing, the court finds that defendant has violated the terms of his conditional release and therefore this release is revoked.

*Factual Background*

This is a troubling case with a long history in this court. The defendant, Joseph Evans, was charged in 1988 with three counts of violating the Assimilative Crimes Act and one count of carrying a deadly weapon. These charges stemmed from an incident in 1988 where Mr. Evans entered the courthouse for the U.S. District Court for the Eastern District of Pennsylvania with a concealed knife and informed security personnel that he had come to check on Assistant U.S. Attorney Barbara Cohan. Ms. Cohan had previously worked as Mr. Evans' social worker. On February 20, 1990, the court found Evans not guilty by reason of insanity and committed him to a suitable facility until such time as he was determined eligible for release pursuant to 18 U.S.C. § 4243(d) and (e). Mr. Evans was subsequently transported to the mental health unit at the Federal Correctional Facility in Butner, North Carolina.

On June 18, 1992, the Director of the Butner facility filed a Certificate of Improved Mental Condition and Request for Conditional Release from Psychiatric Hospitalization of Mr. Evans. After a hearing, the court released Mr. Evans subject to specific terms and conditions including a strict regimen of outpatient care and supervision, pursuant to 18 U.S.C. § 4243. One condition of Mr. Evans' release was that "for the rest of his life [he] abstain from all contact with Ms. Barbara J. Cohan, and/or her family, and her friends ...." *See* Order dated July 20, 1992 ¶ 7. The court ordered Evans to reside at Douglas House, a facility in Philadelphia that offers mental health treatment and supervision.

In August 1995, Mr. Evans entered a Philadelphia pub owned by a friend of Ms. Cohan, violating the condition that he refrain from any contact with Cohan's friends. A Probation Officer discussed the incident with Evans, notified the court, and imposed an incremental sanction, but did not petition for revocation of release. In August 1997, the Probation Office learned

that the Dean of Philadelphia Community College was trying to suspend Mr. Evans, who took classes at the College, for harassing two female students, cursing at a college employee, physically threatening a student, and repeatedly using profane language. *See* Non–Compliance Summary dated Sept. 26, 1997. On December 1, 1997, the court held a hearing and advised Evans of the possible consequences of violating the terms and conditions of his release. Approximately six months later, the Probation Office reported that Mr. Evans was not taking his medication and made specific threats of bodily harm against employees of the mental health facility where he was being treated. After a hearing on July 17, 1998, the court found that Mr. Evans had violated the terms and conditions of his release in that he failed to adhere to the prescribed mental health treatment and "in light of that failure, and due to a present mental disease or defect, [his] continued release would create a substantial risk of bodily injury to another person .…" *See* Findings of Fact and Conclusion of Law dated July 27, 1998. The court remanded Evans to the custody of the Attorney General for confinement and treatment pursuant to 18 U.S.C. § 4243.

After approximately three years at the Butner facility, the court was advised that Mr. Evans was eligible for conditional release. The court held a hearing on July 12, 2001 and released Evans subject to eighteen specific conditions. These conditions included active participation in outpatient mental health care, taking all prescribed medications, and residing at Douglas House. From July 2001 until several months ago, Mr. Evans appeared to be making some progress in dealing with his mental illness. Probation Officer Thomas Adamczyk's Status Report for 2003 stated that Evans continued to take his medication and attend a mental health program at Northwestern Human Ser-

vices (NHS) and had begun working part-time as a janitor at NHS.

In June 2003, the NHS psychiatrist treating Mr. Evans discontinued Evans' Clozaril medication because it was negatively affecting his red blood cell count. The psychiatrist prescribed a new antipsychotic drug, Geodon. Staff at Douglas House and NHS documented changes in Mr. Evans' behavior during July 2003, including inappropriate laughter, talking to himself, and exhibiting anger. During an interview with Officer Adamczyk on July 11, 2003, Evans stated that he had heard voices telling him to have sex with Ms. Cohan. The Officer warned Evans about the consequences of any contact with Cohan and although Evans stated he did not intend to make any such contact, the Officer and Douglas House staff decided to restrict Evans to Douglas House until he could be evaluated by a psychiatrist. Mr. Evans reacted with anger when he was informed of the restriction and made a disparaging comment about Ms. Cohan. Mr. Evans was evaluated by Dr. Wainwright of NHS on July 14, 2003, who ordered other changes in medication. Evans cooperated with the new regimen of medications after being reminded that taking prescribed medications was a condition of his release.

On August 26, 2003, Mr. Evans sent a letter to the court reporting alleged harassment based on race and sexual orientation at Douglas House. The court asked the Probation Office to investigate the accusations. Probation Officer Maureen O'Hara visited Douglas House on August 27, 2003. Two staff members told her that they were not aware of any harassment against Mr. Evans and that Dr. Wainwright was still trying to "stabilize" Mr. Evans through medication. Staff also said that Evans seemed to be improving, but noted that it takes four to six weeks to

reach a steady state of these medications. Officer O'Hara met with Mr. Evans on August 28, 2003 and addressed concerns that Evans voiced about Douglas House and discussed letters he had written to various political figures.

The alleged violation of supervised release now before the court concerns a letter that Evans mailed to Ms. Cohan on September 22, 2003. Evans addressed the letter to Ms. Cohan at 601 Market Street, Philadelphia, PA, which is the address for the U.S. District Court. This letter was never delivered to Ms. Cohan as this was not her business address and the Postal Service returned the letter to Douglas House as "address attempted-unknown." Staff at Douglas House seized the letter and its contents were divulged to Officer Adamczyk and this court.[1] The court issued a warrant for Mr. Evans' arrest on October 1, 2003 and Magistrate Judge Thomas Reuter placed him in detention pending a hearing on the Petition for Revocation filed by the Probation Office.

*Discussion*

Based on the evidence presented, the court finds that Mr. Evans has violated the specific terms of his conditional release by attempting to contact Ms. Cohan. The condition to "abstain from all contact" with Ms. Cohan, her friends, and family was meant to protect Cohan's physical safety and peace of mind. It does not alleviate the court's concern for her safety or peace of mind that Mr. Evans used the wrong address and therefore the letter was never actually delivered to her, as the intent to contact was clear and Evans took substantial steps to make contact.[2]

The Petition for Revocation of Conditional Release is governed by Title 18 U.S.Code Section 4243(g), which provides in pertinent part:

> The court shall, after a hearing, determine whether the person should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

18 U.S.C. § 4243(g) (2000).

The court finds that in light of Mr. Evans' noncompliance by attempting pro-

---

1. The letter reads as follows: "Hi! How are you doing? Fine, I hope! Barbara, this letter is important so please read it from top to bottom. Barbara, I love you. I want you for my wife. I never threatened or harmed you. I'll never threaten or harm you, physically or mentally. I said I suspected your life might be in danger because I really did. I thought I heard you in pain, so I called the police to your job and your apartment in 1982. [Read] in the notes of the testimony if you have trouble believing that. Psychics and mindreaders exist, it's taught and they pretend not to know but they already know. They're racists and bigots and criminals and they use and they're using you Barbara. Don't let them. That could include the Judge Marvin J. Katz and or Tom Adamczyk, my probation officer. I love you and I apologized to you in 1982 for carrying the knife through the metal detector in a letter from prison because they threatened me and I carried it for self protection. It was something out of character for me and I'll never do it again. I was convicted of crimes which I didn't do in 1982 and 1983 because I heard voices and sounds, not your testimony. Love, Joe. P.S. That's why they're trying to keep me on Conditional Release. Six years from 1992 to 1998 plus two years so far since 2001 July 13th."

2. Treating an attempt as a practical equivalent of the completed act is in keeping with mainstream criminal jurisprudence, where attempt is itself an inchoate crime if the perpetrator (1) has the intent required for establishing commission of the offense and (2) engaged in conduct that would constitute the crime if attendant circumstances were as offender believed them to be, or took substantial steps towards committing the crime. *See* Model Penal Code § 5.01.

hibited contact with Ms. Cohan and his present state of mental illness, Mr. Evans' continued release poses a substantial risk of bodily injury to another person. The existence of such a risk is evidenced by Mr. Evans' attempt to contact Ms. Cohan, his expressions of wanting to have a relationship with her, and the fact that his current regimen of medication and therapy is not able to control his impulses to engage in conduct that he knows is prohibited. In the past, when Mr. Evans' mental illness has worsened, he has threatened his health care providers and other figures, such as employees at the Community College. *See* Non–Compliance Summary dated Sept. 26, 1997. Evans' comment to Officer Adamczyk on July 11, 2003 about hearing voices concerning physical contact with Ms. Cohan is further evidence that he poses a substantial risk to her safety.

The court is not in a position to evaluate whether the change in Mr. Evans' medication in June 2003 is the cause of his apparent relapse and attempt to contact Ms. Cohan in violation of his release terms. Even if the court could make such a finding, any such legitimate explanation for Mr. Evans' noncompliance with the terms of his release is irrelevant. The terms were imposed as strict guidelines for managing Mr. Evans' behavior, which became a responsibility of this court after deciding in 1990 that he was not guilty by reason of insanity. This responsibility entails protecting persons who may be targets of Mr. Evans' misguided actions and providing Evans with appropriate care to improve his mental health. It is the sincere hope of court that revoking Mr. Evans' conditional release will serve both of these aims.

An appropriate Order follows.

### ORDER

**AND NOW,** this 22nd day of October, 2003, upon consideration of the Petition for Revocation of Conditional Release, the evidence, and arguments presented at a hearing pursuant to 18 U.S.C. § 4243(g), it is hereby **ORDERED** that the Petition is Granted and defendant's conditional release is **REVOKED.**

Defendant is remanded to the custody of the Attorney General to be committed for treatment at a suitable facility. The court recommends that defendant be committed at the Federal Correctional Facility in Butner, North Carolina. When the Director of the facility in which the defendant is hospitalized determines that defendant is eligible for release according to 18 U.S.C. § 4243, the Director shall file a certificate with the Clerk of this court.